IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

JUL 28 2009

Alexandria Division

Ernest Lee Wynn, Jr.,           )
     Plaintiff,           )
                )
v.                              )           1:09cv639 (LO/TRJ)
                )
Officer Smith, et al.,          )
     Defendants.          )

## MEMORANDUM OPINION AND ORDER

Ernest Lee Wynn, Jr., a Virginia inmate proceeding pro se, has filed a civil rights action

pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by defendants,

officials at the Riverside Regional Jail. After reviewing plaintiff's complaint, the claims against

defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I. Background

Plaintiff, a former inmate at Riverside Regional Jail, alleges that on December 28, 2008,

Officer Smith asked plaintiff to go to another inmate's cell and ask the inmate if he was going to eat

breakfast that morning. As plaintiff went down a flight of stairs to get to the cell, he slipped off the

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the
> complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which
>> relief can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from
>> such relief.

bottom step, which was wet with condensation that had dropped from the food tray cart. Plaintiff alleges that he flew into the air, and came down on his right leg, hip, shoulder, and head. Officer Smith discovered plaintiff, and apologized for not putting out a sign to notify inmates about the water. He then called for medical treatment, and an individual listed only as Ms. Hawks came to examine plaintiff. Plaintiff informed Ms. Hawks that he had pain in his right thigh, hip, head, and shoulder. Ms. Hawks gave plaintiff three Motrin, told him to return to his cell and lay down, and informed him that she would put a note in plaintiff's medical file to indicate that he needed to be seen by the doctor.

According to plaintiff, he was not seen by the doctor until January 6, 2009, nine days after he fell. After examining plaintiff, the doctor said that there was some swelling in plaintiff's thigh and hip, and he put plaintiff on medication to help with the inflammation. Plaintiff states that he was still in pain following that visit, so he put in another request to see the doctor, but his request was not answered. Plaintiff also states that he had a pre-existing back problem, and at some point in early February he was taken to see a neurosurgeon at M.C.V. Hospital, his second trip there since November 2008. According to plaintiff, because he was having a lot of pain the doctor required plaintiff to undergo another MRI. Plaintiff returned to the neurosurgeon on May 1, 2009, and was informed that he would have to have surgery on his back in the next couple of months. Specifically, plaintiff needed to have two disks removed that were pushing on his spinal cord and have his bones fused together with titanium rods.

Plaintiff alleges that as of the time he filed the instant complaint, he could not lay on his back and read because his fingers and hands would go numb, and that if he laid on his right side his leg and hip would go numb. He adds that his vision has gotten worse, he has problems with his prostate

2

and difficulty urinating, and problems with his short term memory. Plaintiff also states that although he requested a grievance form numerous times, he has not received a form, and has been told "story after story" by Sergeant Robinson, the grievance coordinator. Plaintiff has named as defendants Officer Smith, Ms. Hawks, and Sergeant Robinson, and he seeks $2,500,000 in damages.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and construed in plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). However, although the complaint "does not need detailed factual allegations," the facts alleged must be sufficient to raise plaintiff's claim above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see id. at 570 (determining that where a complaint did not allege facts sufficient to nudge the claims "across the line from conceivable to plausible," the complaint must be dismissed).

## III. Merits

It appears from plaintiff's complaint that he seeks to allege three claims: (1) a claim against Officer Smith for failing to warn plaintiff about the water that caused him to slip and fall; (2) a claim against Ms. Hawks for denying plaintiff reasonable medical care pursuant to the Eighth Amendment; and (3) a claim against Sergeant Robinson for failing to provide plaintiff with a grievance form. Regarding Claim (1), plaintiff states only that Officer Smith asked plaintiff to check in with an inmate in another cell, and that he forgot to put up a signing warning inmates about the water on the

3

floor by the steps. At worst, plaintiff's claim against Officer Smith amounts to negligence, not a violation of plaintiff's constitutional rights. As a result, plaintiff has failed to state a claim against Officer Smith pursuant to § 1983, and Claim (1) must be dismissed.

In Claim (2), plaintiff alleges that Ms. Hawks denied plaintiff his right to reasonable medical care in violation of the Eighth Amendment. To support a claim of a denial of reasonable medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, plaintiff must first demonstrate a sufficiently serious medical need. See, e.g., Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious); Murphy v. Walker, 51 F.3d 714, 720 (7th Cir. 1995) (holding that a broken hand is a serious injury, and that permanent harm could result without proper evaluation and treatment). A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001).

Additionally, a plaintiff must show deliberate indifference to that serious medical need, which may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05. Treatment by a health care provider constitutes deliberate indifference only where it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier, 896 F.2d at 851. A defendant must act with either actual intent or reckless disregard,

4

meaning that the defendant disregarded "a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. Additionally, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, taking all of his allegations as true, plaintiff has failed to state a claim of denial of his Eighth Amendment right to reasonable medical care. First, plaintiff has failed to demonstrate that he had a sufficiently serious medical need. Plaintiff's complaint states only that he experienced pain on the right side of his body and that he had some swelling following his fall. Plaintiff has alleged no facts to support that the pain and swelling he experienced posed any "substantial risk of serious injury" to his health and safety. Young, 238 F.3d at 576. Unlike a situation involving something as severe as an untreated broken bone, plaintiff experienced pain and inflammation, which could be treated by giving plaintiff a pain reducer and anti-inflammatory.

Moreover, although plaintiff alleges that he continues to feel pain, he also states that he has a pre-existing back condition, consisting of two disks "bulging into [his] spinal cord," which will require surgery. Thus, it appears that any serious medical need alleged by plaintiff is not related to his accident, but rather to his back condition. Even assuming plaintiff's fall aggravated his back condition, and as a result created a serious medical need, plaintiff has not alleged facts to demonstrate that Ms. Hawks was deliberately indifferent to those needs. Plaintiff admits that Ms. Hawks attended to plaintiff after his fall, gave him Motrin, and indicated in his file that he would need to see the doctor. Plaintiff does not allege that Ms. Hawks had any further contact with plaintiff

5

regarding his treatment following that interaction, and based on those facts alone plaintiff has failed to demonstrate that Ms. Hawks was deliberately indifferent to his medical needs.

Furthermore, plaintiff also admits that he was examined and treated by the doctor slightly more than one week after the accident occurred. Although plaintiff may have wished to be seen sooner, there is no indication that this delay in treatment was intentional, or that it was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851. As plaintiff himself states, when he saw the doctor, it was determined that some inflammation remained, and the doctor gave plaintiff medicine to relieve that symptom. Plaintiff never indicates that he informed the doctor that he was experiencing any additional symptoms during his appointments. Without knowledge of those additional symptoms, and finding only that plaintiff exhibited signs of inflammation, the treatment by Ms. Hawks and the doctor cannot be said to be deliberately indifferent. As well, though plaintiff complains that he did not receive any x-rays, or a "thorough examination," this demonstrates only that he disagreed with the course of his treatment, which is insufficient to state an Eighth Amendment claim. Wright, 766 F.2d at 849. Finally, to whatever extent plaintiff's fall aggravated his pre-existing back condition, and assuming these symptoms did not arise until after his last visit with the doctor, plaintiff admits that he was seen twice by the neurosurgeon after his visit with the doctor, and was informed that he will be having surgery to treat these problems in the near future.[2] Based on his own allegations then, plaintiff continues to receive treatment to alleviate his pain. As a result, plaintiff has failed to state

---

[2] In fact, it appears plaintiff may be undergoing this procedure at the present time. On July 6, 2009, plaintiff submitted a change of address to the Court, in which he indicated he was being transported to M.C.V. Hospital in Richmond, Virginia to have back surgery.

a claim for a denial of his right to reasonable medical care under the Eighth Amendment, and Claim (2) must be dismissed.

Finally, in Claim (3) plaintiff alleges that Sergeant Robinson failed to provide him with a grievance form, despite numerous requests. However, it is well-settled in the Fourth Circuit that the Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Mitchell v. Murray, 856 F. Supp. 289, 294 (E.D. Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. See Adams, 40 F.3d at 75; Mitchell, 856 F. Supp. at 294. Therefore, even if Sergeant Robinson failed to provide plaintiff with a grievance form, plaintiff is not entitled to relief under § 1983, and Claim (3) must be dismissed for failure to state a claim.

## IV. Conclusion

For the reasons stated above, plaintiff has failed to state a claim against any of the named defendants. Therefore, this complaint will be dismissed pursuant to § 1915A for failure to state a claim.


Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect her ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this _____ day of _____ 2009.


Alexandria, Virginia

                                                    _____/s/_____
                                                    Liam O'Grady
                                                    United States District Judge

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

8